NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PERRIN BERNARD SUPOWITZ, LLC, DBA Individual Foodservice, a California LLC, <br><br> Plaintiff-counter-defendant-Appellant, <br><br> v. <br><br> PABLO MORALES, an individual; SAVINO MORALES, an individual; SERGIO ESCAMILLA, an individual, <br><br> Defendants-Appellees, <br><br> LEGACY WHOLESALE GROUP, LLC, an Arizona Limited Liability Corporation, <br><br> Defendant-counter-claimant-Appellee. | No.   23-55189 <br><br> D.C. No. 2:22-cv-02120-ODW-JEM <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Argued and Submitted October 19, 2023
Pasadena, California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before:  CLIFTON and SANCHEZ, Circuit Judges, and KORMAN,[**] District Judge.

Perrin Bernard Supowitz, LLC, doing business as Individual FoodService ("IFS"), appeals the district court's denial of preliminary injunctive relief against Defendants, who operate Legacy Wholesale Group, LLC. We have jurisdiction under 28 U.S.C. § 1292(a)(1) to review the denial of a preliminary injunction, but our review is limited to the denial itself and those issues "inextricably intertwined with or necessary to ensure meaningful review" of the denial. *Arc of California v. Douglas*, 757 F.3d 975, 993 (9th Cir. 2014) (quotation omitted). Because the denial of IFS's requested injunctive relief was based in part on the district court's grant of partial summary judgment as to IFS's trade secret claims under the Defend Trade Secrets Act and California Uniform Trade Secrets Act ("CUTSA"), we review both issues. We find no other inextricably intertwined issues to consider.

We review the denial of a preliminary injunction for abuse of discretion. *Park Village Apartment Tenants Ass'n v. Mortimer Howard Trust,* 636 F.3d 1150, 1155 (9th Cir. 2011). To the extent this appeal involves the review of a grant of partial summary judgment, we review de novo. *2-Bar Ranch Ltd. P'ship v. U.S. Forest Serv.,* 996 F.3d 984, 990 (9th Cir. 2021). We affirm.

---

[**]     The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

23-55189

Although California law recognizes a customer list as a trade secret, *MAI Sys. Corp. v Peak Comput., Inc.,* 991 F.2d 511, 521 (9th Cir. 1993), it does so only to the extent the customer list "[d]erives independent economic value … from not being generally known … ." Cal. Civ. Code § 3426.1(d). In order for a customer list to qualify as a trade secret under this standard, it must (1) furnish a competitor with the previously unknown fact that a potential customer is in the market for the goods or services which the secret-holder offers, thus saving the competitor valuable "screening" time, or (2) include "sophisticated information" beyond the mere identity of the customer. *Courtesy Temp. Serv., Inc. v. Camacho*, 272 Cal. Rptr. 352, 357, 358 (Cal. Ct. App. 1990); *see also Abba Rubber Co. v. Seaquist,* 286 Cal. Rptr 518, 527 (Cal. Ct. App. 1991). A customer list compiled over a lengthy and expensive effort may constitute protectible trade secret information where "its disclosure would allow a competitor to direct its sales efforts to those customers who have already shown a willingness to use a unique type of service or product." *Morlife, Inc. v. Perry*, 66 Cal. Rptr. 2d 731, 736 (Cal. Ct. App. 1997); *see also Courtesy*, 272 Cal. Rptr. at 358. Although the parties dispute whether IFS's customer list and contact information held any economic value, there was no dispute that IFS's customer order history qualified as a trade secret.

Although the district court allowed IFS's claim for trade secret misappropriation to proceed on the limited "order history" ground, the court denied

23-55189

IFS's request for a preliminary injunction. Preliminary injunctive relief requires that the movant show (1) a likelihood of success on the merits, (2) irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in his favor, and (4) the injunction is in the public interest. *Recycle for Change v. City of Oakland*, 856 F.3d 666, 669 (9th Cir. 2017).

The court did not abuse its discretion in rejecting IFS's request that Defendants be enjoined from using IFS's trade secrets. The court found that Pablo and Savino Morales had not obtained any new information from IFS following their termination in March 2022. It further found that any trade secrets Pablo and Savino Morales might still have had were by then "old and stale," such that there was no risk of IFS suffering irreparable harm by being "wronged again." The record contains sufficient support for this finding, and because "[a]n injunction against misappropriation of trade secrets should only last as long as is necessary to preserve the rights of the parties [and] … eliminate the commercial advantage that a person would obtain through misappropriation," a finding of staleness is sufficient to deny injunctive relief. *Whyte v. Schlage Lock Co.,* 125 Cal. Rptr. 2d 277, 284-85 (Cal. Ct. App. 2002) (quotation omitted).

The court also did not abuse its discretion in refusing to enjoin Defendants from doing business with any customer Pablo or Savino Morales serviced while at IFS. California has a strong interest in preventing employees from

4

misappropriating trade secrets in order "to unfairly compete," *Retirement Grp. v. Galante,* 98 Cal. Rptr. 3d 585, 592 (Cal. Ct. App. 2009), but it also has a "settled legislative policy in favor of open competition and employee mobility," *Edwards v. Arthur Andersen LLP,* 189 P.3d 285, 291 (Cal. 2008). The court properly considered these competing public policy interests in refusing to enjoin activity which potentially extended far beyond trade secret misappropriation. *See Galante,* 98 Cal. Rptr. 3d at 592-93. IFS also did not demonstrate a likelihood of success on the merits, or that irreparable harm would result in the absence of an injunction. Ultimately, barring Defendants from doing business with *any* customer they serviced while at IFS would essentially be a punitive measure, whereas the purpose of a preliminary injunction is to preserve the status quo. *See Boardman v. Pacific Seafood Grp.,* 822 F.3d 1011, 1024 (9th Cir. 2016).

Finally, the district court did not abuse its discretion in refusing to enjoin employees from hiring away IFS's recent employees. CUTSA only permits "[a]ctual or threatened misappropriation" to be enjoined, Cal. Civ. Code § 3426.2(a), and as the court noted, IFS adduced no evidence that Defendants ever had or would use any trade secret to hire away IFS's employees.

**AFFIRMED.**